**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIMAN BARUA,

    Petitioner,

v.

                                     Case No. 1:26-cv-01444-MIS-DLM

WARDEN, Torrance County Detention Facility;
MARY DE ANDA-YBARRA, Field Office Director
of the El Paso Field Office of Enforcement and
Removal Operations, U.S. Immigration and Customs
Enforcement; TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement, U.S.
Department of Homeland Security; MARKWAYNE
MULLIN, Secretary, U.S. Department of Homeland
Security; and TODD BLANCHE, Acting Attorney
General of the United States,

    Respondents.

## <u>ORDER DENYING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241</u>

THIS MATTER is before the Court on Petitioner Siman Barua's <u>pro se</u> Petition for a Writ

of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 6, 2026.  The Federal

Respondents[1] filed a Response on May 21, 2026 ("Response").  ECF No. 8.  Upon review of the

Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition without

prejudice.

## I.    Background

Petitioner is a citizen of Bangladesh who entered the United States without inspection on

November 21, 2023.  <u>See</u> ECF No. 1. at 16.  Shortly thereafter he was apprehended by Border

---

[1]       The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

officials, charged with removability, and issued a Notice to Appear.  Id. at 16-17.  He subsequently

filed applications for asylum, withholding of removal under the Immigration and Nationality Act

("INA"), and protection under the Convention Against Torture ("CAT").  Id. at 17.  On March 18,

2024, the Immigration Court denied all relief.  Id.  Petitioner appealed to the Board of Immigration

Appeals ("BIA"), which dismissed the appeal on September 23, 2024.  Id.

On February 3, 2025, Petitioner filed a Motion to Reopen his immigration proceedings

based on changed circumstances in Bangladesh.  Id.  On September 10, 2025, an Immigration

Judge issued a new Order finding Petitioner removable and inadmissible under Section

212(a)(6)(A)(i) of the INA; denying Petitioner's applications for asylum, withholding of removal

under the INA, and protection under CAT; and ordering Petitioner removed to Bangladesh.  Id.;

see also Order of the Immigration Judge ("Removal Order"), ECF No. 8-1 at 1.  Petitioner appealed

the Removal Order to the BIA.  See ECF No. 8-3 at 1.

On May 6, 2026, Petitioner filed the instant Petition seeking a writ of habeas corpus,

arguing that his prolonged detention pending his appeal to the BIA violated his due process rights.

ECF No. 1 at 6.

On May 15, 2026, the BIA affirmed the Removal Order and dismissed Petitioner's appeal.

BIA Order, ECF No. 8-2 at 3-5.

II.      Discussion

Habeas corpus review is available if a noncitizen is "in custody in violation of the

Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3); see also Zadvydas

v. Davis, 533 U.S. 678, 687 (2001).  Where the petitioner is subject to a final order of removal,

detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231.  The Government is

expected to secure a noncitizen's removal within 90 days after issuing the removal order.

Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1). "[D]uring the 90-day removal period, … [the noncitizen] must be held in custody." Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. Id. at 683, 689; see 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. Zadvydas, 533 U.S. at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, Petitioner's Removal Order became final on May 15, 2026, when the BIA affirmed the Removal Order and dismissed his appeal. See 8 U.S.C. § 1101(a)(47)(B)(i); see also 8 C.F.R. 1241.1(a). Because Petitioner is subject to a final order of removal, his detention is mandatory under 8 U.S.C. § 1231 during the 90-day removal period—until August 13, 2026. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen); see also Alvarez v. Blanche, Case No. 2:26-cv-00990-MIS-SCY, 2026 WL 1080368, at *1 (D.N.M. Apr. 21, 2026). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through November 15, 2026. See Zadvydas, 533 U.S. at 701; Alvarez, 2026 WL 1080368, at *1 As such, Petitioner's detention is not unlawful and the Court cannot order his release.

Because the Court cannot grant Petitioner relief at this time, the Court will deny the Petition without prejudice. Petitioner may file a new habeas petition under Zadvydas if his detention extends beyond the presumptively reasonable six-month period (i.e., after November 15, 2026) or if his detention otherwise becomes unlawful.

**III.   Conclusion**

Therefore, it is **HEREBY ORDERED** that Petitioner Siman Barua's Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE